**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01629-LTB

**DERRICK ARANDA**,

    Plaintiff,

v.

**RICK RAEMISH**;
**LARRY TURNER**;
**ANGEL MEDINA**;
**PAUL HOLLENBECK**;
**JAY KIRBY**; and
**DAYNA MORGAN**,

    Defendant.

**ORDER DISMISSING CASE**

On July 30, 2015, Plaintiff filed a prisoner Complaint (ECF No. 1) without naming any defendants. Plaintiff filed an Amended Complaint on August 14, 2015 (ECF No. 4) naming the following as Defendants: Rick Raemish, Executive Director of the Colorado Department of Corrections (CDOC); Larry Turner, Interstate Compact Administrator, Colorado Springs; Angel Medina, Assistant Director of Prison Operations at CDOC; Jay Kirby, Deputy Inspector General, Colorado Springs; Paul Hollenbeck, Assistant Director of CDOC; and Dayna Morgan, Interstate Compact Case Manager, Colorado Springs. On September 4, 2015, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely on the basis of inability to prepay fees or give security therefor (ECF No. 9). For the reasons set forth below, the Amended Complaint will be dismissed.

## A. Mandatory Screening and Standards of Review

In 1996, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Creamer v. Kelly*, 599 F. App'x 336 (10th Cir. 2015) ("Under §§ 1915(e)(2)(B)(i) and (ii), a court must screen a complaint filed IFP and dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted.") (internal quotation and citation mitted).

In addition, 28 U.S.C. § 1915A, entitled "Screening," requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Further, the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e requires the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 42 U.S.C. §

1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, see 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 9). Moreover, Defendants are employees of a governmental entity. In addition, he is complaining about the conditions of his confinement. Thus, his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under these statutory provisions, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp.*, 550 U.S. at 555. When reviewing a complaint for failure to state a claim, the Court may also consider documents attached to the complaint as exhibits. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal citation omitted). Moreover, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and

delusional).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). Despite this relaxed pleading standard, a *pro se* plaintiff retains "the burden of alleging sufficient facts on which a recognizable legal claim could be based." *Hall*, 935 F.2d at 1110. In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). *Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and it would be futile to allow the plaintiff to amend. *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

### B. Plaintiff's Allegations and Relevant Facts

Plaintiff's Amended Complaint is not a model of clarity. On or about March 17, 2006, Plaintiff was sentenced to twenty-five years in the CDOC. On July 12, 2006, the court recommended placement in an out-of-state facility because of danger to him due to his activities in 2007 in testifying against Gallant Knights Insane (GKI) gang members, who

were convicted of the attempted murder and robbery of a hotel clerk. Plaintiff initially was confined in a Colorado prison and was attacked by GKI gang members. As a result, he filed a federal lawsuit agasint various CDOC officials in 2008, which resulted in an out-of-court settlement. *See Arranda v. McCormick, et al.*, Civil No. 08-487 (D. Colo. Feb. 28, 2012). As part of that settlement, Plaintiff alleges that the CDOC agreed to change his name and transfer him out of the CDOC for his protection. Sometime in 2010, Plaintiff was moved to an out-of-state facility in the State of Oregon. On January 30, 2012, Plaintiff's request for a name change was granted by CDOC (ECF No. 4-1, p. 24). The name change was not a legal name change but only a change for incarceration purposes for out of state placement. His new name for incarceration purposes was Damien L. Martinez (ECF No. 4-1, p. 25).

In August of 2013, the State of Oregon returned Plaintiff to Colorado due to several incidents of fighting. When he was transferred back, he was placed in a newly created protective custody unit and was informed that that CDOC had no intention of changing his name at that time (ECF No. 4-1, p. 27). Sometime in July of 2014, he was transferred to the Wallens Ridge State Prison in the Commonwealth of Virginia.

In his complaint, he alleges that Defendants violated the Eighth Amendment by failing to change his name and by transferring him with a known GKI gang member. He seeks compensatory damages, punitive damages, injunctive relief, and declaratory relief.

### C. Liability under 42 U.S.C. § 1983

It appears that Plaintiff seeks to impose liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed

by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988).

Plaintiff invokes liability under the Eighth Amendment. The Eighth Amendment's prohibition against cruel and unusual punishment guarantees that prison officials must provide humane conditions of confinement. Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Thus, the Eighth Amendment imposes on prison officials a duty to protect prisoners from violence at the hands of other inmates.

Prison officials are not, however, expected to prevent all inmate-on-inmate violence. *Farmer,* 511 U.S. at 834; *Berry v. City of Muskogee*, 900 F.2d 1489, 1494–95 (10th Cir. 1990). The failure of a prison official to protect an inmate from attacks by other inmates rises to the level of an Eighth Amendment violation only if the evidence shows the defendants acted with "wanton or obdurate disregard for or deliberate indifference to" the protection of prisoners' lives. *Harris v. Maynard*, 843 F.2d 414, 416 (10th Cir. 1988); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992). The Supreme Court has expressly rejected the suggestion that a prison official violates the Eighth Amendment when he might have known or should have known of a risk of harm. *See Farmer*, 511 U.S. at 837–38. *See also Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005).

The test for deliberate indifference claims under the Eighth Amendment has "both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th

Cir. 2000). The objective component of the test is met if the harm suffered is "sufficiently serious" to implicate the Cruel and Unusual Punishment Clause. *Farmer*, 511 U.S. at 834. The subjective component "is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

Fatal to Plaintiff's claim is the absence of any allegation that he suffered any physical injury based on Defendants' alleged actions and inactions. Thus, Plaintiff's claim that Defendants failed to protect him from harm fails as a matter of law because the plaintiff has failed to allege that he sustained any harm or injury as a result of Defendants' actions. Dismissal of an inmate's failure-to-protect claim is warranted, even as frivolous, where no harm or injury has in fact occurred as a result of the defendants' actions. *See, e.g., Walzier v. McMullen*, 333 F. App'x 848, 851 (5th Cir. 2009); *Castellano v. Treon*, 79 F. App'x 6, 7 (5th Cir. 2003) (upholding the dismissal of an inmate's failure-to-protect claim as frivolous where the plaintiff conceded that "he suffered no actual physical injury resulting from the prison officials' purported failure to protect"); *Hernandez v. Wooten*, 67 F. App'x 251 (5th Cir. 2003) (same); *Wilson v. King*, 2015 WL 1427479, *6 (S.D. Miss. Mar. 27, 2015) (dismissed as frivolous where the inmate plaintiff admitted that he suffered no physical injury); *Henson v. Edwards*, Civil No. 13-739, 2014 WL 6896323 (E.D. Ark Dec. 5, 2014).

In the instant case, Plaintiff alleges no actual injury or harm as a result thereof. Further, he acknowledges that he was transferred out of the CDOC to a facility in Virginia, presumably in an effort to protect him from the Colorado gangs. Accordingly, Plaintiff's claim in this regard is without merit and should be dismissed. *Accord Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999); *Anderson v. Kaydo,* 538 F. App'x 409, 410 (5th Cir. 2013); *Encarnacion v. Dann*, 80 F. App'x 140 (2d Cir. 2003); *Pierre v. James*, Civ. No. 14-748,

2015 WL 4772158, *4 (M.D. La. Aug 12, 2015); *Hayes v. Corrections Corp. of America*, Civil No. 09-122, 2012 WL 4481212 (D. Idaho Sept. 28, 2012)

Moreover, Plaintiff's allegations do not show that Defendants acted with deliberate indifference. It is not enough to allege that prison officials failed to alleviate a significant risk that they should have perceived but did not. To show "the requisite deliberate indifference," [the plaintiff] "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 847). The subjective component of the deliberate indifference test requires that, before liability can be imposed, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). Moreover, regardless of how prison officials become subjectively aware of a substantial risk of serious harm to an inmate, the Eighth Amendment requires them to respond reasonably. *Howard v. Waide*, 524 F.3d 1227, 1237 (10th Cir. 2008).

Here, it appears that the CDOC went to great measures to ensure Plainitff's safety. First, he was sent to an out of state facility in Oregon but was sent back due to several fighting incidents. When he was returned to the CDOC, he was confined in protective custody and then he was transferred across the country to an out of state supermax facility in Virginia. These facts show that Defendants took reasonable steps to protect Plaintiff from harm from the Colorado Gang GKI. Consequently, he has failed to show the second necessary element of a failure to protect claim and his claim must be dismissed.

Finally, the Court notes that Plaintiff has no constitutional right to a new name. *See,*

*e.g., Barnes v. Conley*, 229 F.3d 1150 (6th Cir. 2000).  To the extent that he alleges that Defendants promised him a name change, which promise was contained in his settlement agreement, he is required to file a motion in Case No. 08-487 to seek to enforce the terms of the settlement agreement.

Thus, accepting Plaintiff's allegations as true, he fails to state a claim upon which relief may be granted.  Accordingly, it is

**ORDERED** that the Complaint and this action are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  29th  day of September, 2015.

BY THE COURT:


　　s/Lewis T. Babcock
　　LEWIS T. BABCOCK, Senior Judge
　　United States District Court